IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MELODY RUSSELL
*Plaintiff*

vs

CIV: **JFM 15 CV 1985**

HEALTHCARE ASSOCIATES CREDIT UNION et al
*Defendant*

WALINSKI & TRUNKETT P.C. et al/
WALINSKI & ASSOCIATES P.C. et al
*Defendant*

ROBERT J. WALINSKI et al
*Defendant*

FILED ___ ENTERED
LODGED ___ RECEIVED

JUL -7 2015

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

## COMPLAINT

1) Comes now the Plaintiff to respectfully seek relief from the Court pursuant to the Truth in Lending Act 15 U.S.C. §§ 1601–1665e; Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681x; Fair Debt Collection Practices Act ("FDCPA") 15 U.S 1692 et seq; Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

### Venue

2) The Court has proper jurisdiction in this matter.

### Parties

3) Plaintiff is a natural person who resides in Glen Burnie, Maryland at all times relevant to this Complaint.

4) Defendant Healthcare Associates Federal Credit Union et al is a business with a principal place of business located 1151 E Warrenville Road, Suite 100, Naperville, IL 60563.

5) Defendant Walinski & Trunkett P.C. et al/Walinski & Associates, P.C. et al is a debt collections law firm with a principle place of business located 221 N LaSalle St, Suite 1000, Chicago, IL 60601.

6) Defendant Robert J. Walinski et al is a debt collections attorney with a principle place of business located at 221 North LaSalle Street, Suite 1000; Chicago IL 60601.

7) Defendants are NOT licensed to collect debt in the State of Maryland.

Overview

8) Defendants are currently attempting to collect a debt from the Plaintiff that she DOES NOT owe.

9) Defendants have been actively attempting to sue Plaintiff in a county/state that she does not live in, and have been doing so for several years [Exhibit 1].

10) Defendants are attempting to collect debt for an installment loan, originally issued by Healthcare Associates Credit Union et al, with interest rates above the limit allowed for the State of Maryland.

11) Installment loans, as well as payday loans, generally have exuberant interest rates, enslaving the debtor by forcing them into making thousands of dollars in payments to the creditor that holds the loan.

12) The installment loan was paid by Plaintiff; however, the loan fees were exuberant. She found herself continuously making payments to Healthcare Associates Credit Union et al, with the balance never decreasing.

13) Furthermore, the Credit Protection Plan that Plaintiff was forced into by Healthcare Associates Credit Union et al added an additional burden.

14) Plaintiff disputed the charges with Healthcare Associates Credit Union. Healthcare Associates Credit Union et al failed to investigate Plaintiff's disputes, nor did they stop attempting to collect debt.

15) Healthcare Associates Credit Union purged Plaintiff's savings account, and charged off the loan, in spite of the fact that the Plaintiff has paid the dollar amount in full.

16) Healthcare Associates Credit Union charged the account off at $1,221 (significantly more than the original loan amount, and in spite of the fact that the loan was paid), and retained Robert J. Walinski, along with his law firm, to collect debt.

17) Mr. Walinski began his attempt to sue Plaintiff for $1,221, along with attorneys' fees, in a county/state that Plaintiff didn't reside. The Walinski defendants continued this for more than five years.

18) Mr. Walinski is aware of the fact that this debt is several years old. In Maryland, he cannot legally sue anyone for a debt beyond the statute of limitations, as it is well beyond the statute of limitations.

19) Mr. Walinski knew where Plaintiff lived from the moment that he filed the lawsuit.

20) Mr. Walinski positively communicated with Plaintiff at an address in Maryland, proving that he knew Plaintiff lived in Maryland.

21) He purposely attempted to serve the Plaintiff at an incorrect address, outside of Plaintiff's state of legal residence, in an effort to get a judge to grant an ex-parte judgment against the Plaintiff.

22) His desire was to deprive the Plaintiff of her rights to dispute the debt, and to defend herself in court.

23) Mr. Walinski has demanded payment for a debt, demanding more than $1700 on/around June 9th, 2015 in writing, showing that he hasn't given up on his attempt to collect debt, and to sue beyond the statute of limitations.

## Supporting Facts

24) Plaintiff DOES NOT owe Healthcare Associates Credit Union et al any dollar amount.

25) Healthcare Associates Credit Union knows that Plaintiff doesn't owe the amount that they are attempting to sue her for, as they have reporting various dollar amounts regarding the alleged debt to TransUnion and Experian [Exhibit 2].

26) Defendants are attempting to extort money from Plaintiff, and have added hundreds of dollars worth of fees and interests.

27) She disputed with both Defendants.

28) Both Defendants have knowledge of where the Plaintiff resides, but continues to harass Plaintiff, and are continuously threating her with a lawsuit.

29) Defendants know that they have NO LEGAL basis to sue Plaintiff, and are behaving like cowards by attempting to obtain am ex-parte judgment against Plaintiff without her knowledge in a court that doesn't have jurisdiction over the matter.

30) If the dollar amount was valid, they had every opportunity to obtain legal counsel in the State of Maryland, and file a lawsuit in the State of Maryland under the statute of limitations.

31) Defendants actions were deliberate for four reasons:

A) The Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681x permits Defendant to furnish Plaintiff's credit reports, for purposes of debt collections, a provision that they have actively used within the last two years. When pulling Plaintiff's consumer report, a valid mailing address in Plaintiff's legal state of residence appears to any creditor that obtains her profile for permissible purposes. When they pulled her report, Plaintiff's address was available, revealing the fact that she currently lives in the State of Maryland.

B) Mr. Walinski positively communicated at an address in Maryland via US Mail, indicating that he knew where the Plaintiff resided the whole time.

C) Defendants knew that Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq requires creditors, and third party debt collectors to be licensed in the State of Maryland to collect debt. They are NOT licensed to collect debt in the State of Maryland, and could not meet the licensing requirements to legally collect in the State of Maryland.

D) Defendants, knowing that they DO NOT meet the license requirements for practicing business in the State of Maryland, continued to (1) sue Plaintiff in a state that she DOES NOT live in, (2) have Defendant served at multiple Illinois addresses, in the hopes that someone would accept the summons, to meet the "service" requirements for the state court to grant an ex-parte judgment, (3) and has continued their actions for more than five years.

32) Defendant Healthcare Associates Credit Union et al is attempting to extort money from the Plaintiff for an installment loan that she DOES NOT owe. The loan violates Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

33) Their demand for the sum of $1,221, and for the sum of $1,777.53 is clearly an attempt to extort Plaintiff in a state court.

34) In spite of the overwhelming evidence presented, the defendants have continuously, for more than five years, attempted to collect a bogus dollar amount, in addition to legal costs.

35) Defendant Walinski & Trunkett P.C et al/ Walinski & Associates, P.C. et al, had full knowledge of these facts; in spite of knowledge, they continued to work with Healthcare Associates Credit Union, in their continuous attempt to extort money from the Plaintiff.

Summary
Fair Credit Reporting Act
15 U.S.C. §§ 1681–1681x

36) Defendant Healthcare Associates Credit Union et al is a creditor as codified at 15 U.S.C. §§ 1681–1681x.

37) Within the last twelve months, and prior to the last twelve months, Plaintiff requested copies of her consumer reports, as she was attempting to seek employment, and was trying to obtain financing to attend graduate school.

38) Upon receiving her credit reports, Plaintiff saw the inaccuracies reported by Healthcare Associates Credit Union.

39) Because of the inaccuracies, Plaintiff disputed with Healthcare Associates Credit Union et al, and with the credit reporting agency.

40) Healthcare Associates Credit Union et al ignored Plaintiff's disputes, and continued to report incorrect information about Plaintiff.

41) Defendant failed to properly investigate, as required by FCRA, and violated 15 U.S.C. §§ 1681–1681x.

42) In spite of Plaintiff's best attempts to resolve her issues with Defendant, they have failed to investigate her disputes.

43) Defendant has violated FCRA 15 U.S.C. §§ 1681–1681x.

### Truth in Lending Act
### 15 U.S.C. §§ 1601–1665e

44) The allegations of the Fair Credit Reporting Act Claim are repeated and realleged as if fully set forth herein.

45) Within the last twelve months, Healthcare Associates Credit Union et al engaged in actions that violated the TILA within the meaning of 15 U.S.C. §§ 1601-1665e.

### Walinski & Trunkett P.C/Walinski & Associates, P.C et al.
### Fair Debt Collection Practices Act ("FDCPA") 15 U.S 1692 et seq

46) Defendant Walinski & Trunkett P.C. is a debt collector, as codified under 15 U.S 1692 et seq.

47) Defendant is collecting debt in behalf of Healthcare Associates Credit Union et al.

48) Defendant failed to stop collecting the debt that Plaintiff disputed, as required under 15 U.S 1692 et seq.

49) Defendant attempted to sue Plaintiff in a county/city/state that she doesn't reside, as shown via LexisNexis Court Records.

50) Furthermore, Defendant is attempting to sue for a debt beyond the statute of limitations.

51) LexisNexis shows that the Defendant has attempted to do so at least three times, and is currently being done, as of the date of this complaint.

52) Defendant's has attempted to collect the disputed debt, along with additional lawyers' fees.

53) Plaintiff became aware of the fact that there was an open case in a court, as she has attempted to obtain a security clearance.

54) Defendant, by suing Plaintiff in a county/state that she doesn't reside violates 15 U.S 1692 et seq.

55) Defendant, by keeping this case open and active for nearly five years, and attempting to obtain a default judgment by serving Plaintiff at an address where she clearly doesn't reside is an intentional attempt to violate 15 U.S 1692 et seq.

56) 15 U.S 1692 et seq is very clear on the requirements regarding venue.

57) Defendant showed that they knew where Plaintiff resided by demanding debt at her address in Maryland, and thus deliberately violated Plaintiff's rights.

58) Based on these facts, Defendant Walinski & Trunkett P.C. et al/ Walinski & Associates, P.C. et al violate 15 U.S 1692 et seq.

### Walinski & Trunkett P.C. et al/ Walinski & Associates, P.C et al
### Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act. § 14-204 et seq.

59) Defendant Walinski & Trunkett P.C. et al/ Walinski & Associates, P.C. et al is a debt collector as codified under § 14-204 et seq.

60) Defendant failed to obtain a debt collector's license in the State of Maryland before attempting to collect debt, as required under § 14-204 et seq.

61) The allegations of FDCPA 15 U.S. 1692 et seq. are repeated and realleged as if fully set forth herein.

62) Within the last three years, Defendant engaged in actions that violated the MCDCA within the meaning of 14-204 et seq.

### Walinski & Trunkett P.C./ Walinski & Associates, P.C et al
### Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

63) Defendant Walinski & Trunkett P.C. et al/ Walinski & Associates, P.C. et al is a debt collector as codified under § 13-301 et seq.

64) Defendant failed to obtain a debt collector's license in the State of Maryland before attempting to collect debt, as required under § 13-301 et seq.

65) The allegations of FDCPA 15 U.S. 1692 et seq. are repeated and realleged as if fully set forth herein.

66) Within the last three years, Defendant engaged in actions that violated the MCDCA within the meaning of 13-301 et seq.

## Robert J. Walinski et al
### Fair Debt Collection Practices Act ("FDCPA") 15 U.S 1692 et seq

67) Defendant Robert J. Walinski et al is a debt collector as codified under § 1692 et seq.

68) The allegations of Walinski & Trunkett P.C. et al/ Walinski & Associates, P.C. et al are repeated and realleged as if fully set forth herein.

69) Within the last twelve months, Defendant engaged in actions that violated the FDCPA within the meaning of 1692 et seq.

## Robert J. Walinski et al
### Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq

70) Defendant Robert J. Walinski et al is a debt collector as codified under § 13-301 et seq.

71) Defendant failed to obtain a debt collector's license in the State of Maryland before attempting to collect debt, as required under § 13-301 et seq.

72) The allegations of Walinski & Trunkett P.C. et al/ Walinski & Associates, P.C. et al are repeated and realleged as if fully set forth herein.

73) Within the last three years, Defendant engaged in actions that violated the MCDCA within the meaning of 13-301 et seq.

## Robert J. Walinski et al
### Md. Ann. Code Commercial Law Consumer Practices Act § 14-204 et seq

74) Defendant Robert J. Walinski et al is a debt collector as codified under § 14-204 et seq.

75) Defendant failed to obtain a debt collector's license in the State of Maryland before attempting to collect debt, as required under § 14-204 et seq.

76) The allegations of Walinski & Trunkett P.C. et al/ Walinski & Associates, P.C. et al are repeated and realleged as if fully set forth herein.

Within the last three years, Defendant engaged in actions that violated the MCDCA within the meaning of 14-204 et seq.

### Healthcare Associates Credit Union et al
### Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act. § 14-204 et seq.

77) Defendant Healthcare Associates Credit Union et al. is a creditor as codified under § 14-204 et seq.

78) Defendant attempted to sue Plaintiff in a county/state that she doesn't reside, violating § 14-204 et seq.

79) The allegations of 15 U.S. 1692 et seq (as factually alleged under Walinski & Trunkett P.C.), Truth-In-Lending Act, Fair Credit Billing Act, and Fair Credit Reporting Act are repeated and realleged as if fully set forth herein.

80) Within the last three years, Defendant engaged in actions that violated the MCDCA within the meaning of 14-204 et seq.

### Healthcare Associates Credit Union et al
### Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

81) Defendant Healthcare Associates Credit Union et al. is a creditor as codified under § 13-301 et seq.

82) Defendant attempted to sue Plaintiff in a county/state that she doesn't reside, § 13-301 et seq.

83) The allegations of 15 U.S. 1692 (as factually alleged under Walinski & Trunkett P.C. et al/ Walinski & Associates, P.C. et al) Truth-In-Lending Act, Fair Credit Billing Act, and Fair Credit Reporting Act et seq. are repeated and realleged as if fully set forth herein.

84) Within the last three years, Defendant engaged in actions that violated the MCDCA within the meaning of 13-301 et seq.

### Prayer of Relief

WHEREFORE Plaintiff respectfully requests this Court to:

1. Award Plaintiff actual and statutory damages pursuant to the FDCPA.

2. Award Plaintiff actual and statutory damages pursuant to the FCRA.

3. Award Plaintiff actual and statutory damages pursuant to the Truth in Lending Act.

4. Award Plaintiff statutory damages pursuant to MCDCA.

5. Award the Plaintiff costs associated with preparing complaint.

6. Award such other and further relief as this Court may see fit.

RESPECTFULLY,

_[signature]_

PLAINTIFF

Melody Russell
PO BOX 35
GLEN BURNIE, MD 21060
(443)805-6379
